UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
JOSE RODRIGUEZ and SHERRI MORRIS, :
individually and on behalf of all others similarly
situated, :

          Plaintiffs, :    Case No. 1:22-cv-02982-LGS

                                       Hon. Lorna G. Schofield

          -v.- :

TARGET CORPORATION, :

          Defendant.
------------------------------------- X

**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER**

      Plaintiffs Jose Rodriguez and Sherri Morris ("Plaintiffs") and Defendant Target Corporation ("Defendant") (collectively, the "Parties"), through their respective counsel, enter into this Stipulated Confidentiality Agreement and [Proposed] Order (the "Agreement") to protect the legitimate interests of the Parties or other persons (including non-parties) in maintaining the confidentiality of certain proprietary or sensitive information that may be disclosed during proceedings in the above-captioned matter (the "Action"). The Parties and their undersigned counsel hereby stipulate and agree:

      1.     Discovery Materials. All documents, materials, deposition testimony, affidavits, answers to interrogatories, responses, or other information made available during the Action, which contain or comprise confidential, sensitive or proprietary business, financial, personal, personnel, trade, technical, research, development or commercial information (collectively "Confidential and/or Proprietary Information") produced, filed with the Court, or served either by a party or by a non-party to any of the Parties in connection with the Action (collectively "Discovery Materials"), and designated as such in good faith by the producing or filing party or

non-party in accordance with paragraphs 2 through 5 herein, as applicable, shall be governed by this Agreement.

2. <u>Designation of Documents and Other Discovery Materials as Confidential</u>. Documents, portions of documents, affidavits, answers to interrogatories and other Discovery Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Discovery Materials as "Confidential" as applicable. Documents may also be designated and treated as Confidential by letter from the producing party or counsel for the producing party designating the enclosed or forwarded production as "Confidential." No document or information shall be deemed "Confidential Material" to the extent that it is (i) lawfully obtained by the receiving Parties from a source other than a disclosing Party during the course of this litigation; or (ii) otherwise publicly available.

3. <u>Additional Limits on Disclosure</u>. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the receiving Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule III(C)(3) of this Court's Individual Rules and Procedures.

4. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within fifteen (15) days after receipt by counsel of the deposition transcript certified by the court reporter. All deposition transcripts shall be deemed "Confidential" for the first fifteen (15) days after receipt by counsel of such deposition transcripts. The reporter shall also be advised

to limit distribution of the transcripts to the Parties' counsel and the deponent (or his or her attorney).

5. **Subsequent Designation of Discovery Materials as Confidential**. Any Discovery Materials that are produced without being designated "Confidential" may be so designated, with respect to future disclosure, by the producing party or person or by any other party to the Action by sending a letter making such designation to each party who has received or produced such material. Disclosure of such material prior to its designation as "Confidential" shall not violate the terms of this Agreement, provided, however, that a person disclosing such material that is subsequently designated as "Confidential" shall use its best efforts to retrieve such material from the recipient(s) and prevent further disclosures except as authorized in this Agreement.

6. **Use of Confidential Discovery Materials**. Confidential Discovery Materials shall be used by the non-designating party or person only in preparation for and conduct of the Action (including use in briefs, memoranda, correspondence and other documents relating thereto), and shall not be used for any other purpose except upon written consent of the designating party or person or upon order of the Court. Nothing in this Agreement shall prevent any party or person from using or disclosing its own Confidential Discovery Materials as it deems appropriate.

7. **Restrictions on the Disclosure of Discovery Materials Designated as Confidential**. Confidential Discovery Materials and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

    (a) counsel to the Parties and their staff (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of the Action;

    (b) the Parties and any employees, personnel, agents or professional advisors of the Parties that are reasonably necessary to assist counsel in the conduct of the Action;

(c) experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of the Action;

(d) any person who is deposed or testifies in the Action, or is to be deposed or to testify in the Action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of the Action;

(e) the Court (including court staff and jurors);

(f) court reporters, deposition transcript reporters and videographers; and

(g) other persons only upon consent of the designating party or person or upon order of the Court.

8. Prior to the disclosure of Confidential Discovery Materials to those persons or entities authorized under paragraphs 7(c), 7(d), 7(g), 8(b) and 8(e) of this Agreement to receive such Discovery Materials, the Parties will take all reasonable measures to protect the confidentiality of the Confidential Discovery Materials, including, but not limited to, attempting in good faith to obtain from a non-party witness and acknowledgment in writing, in the form attached hereto as Exhibit A, that such witness and his or her counsel have read this Agreement and agree to be bound by it and, in the event such non-party witness refuses to comply, raising the issue with the Court prior to disclosing any Confidential Discovery Materials.

9. Nothing herein shall preclude a Party from offering Confidential Material into evidence or otherwise alter its trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Stipulation and Protective Order when acting in compliance with an order or direction of the Court.

10. <u>Inadvertent Production</u>. If information subject to a claim of attorney-client privilege, work product or any other privilege is nevertheless inadvertently produced to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to,

any claim of attorney-client privilege, work product or any other privilege to which the producing party or person would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made.

11.     Resolution of Challenges to Designations.  Entering into, agreeing to or otherwise complying with the terms of this Agreement shall not: (a) operate as an admission by any party that any particular Discovery Materials which have been designated "Confidential" contain or reflect proprietary or sensitive commercial or personal information or other confidential matter or Confidential and/or Proprietary Information; (b) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as "Confidential" need not be treated as Confidential; (c) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not subject to discovery; (d) prejudice in any way the rights of a party to seek a determination of the Court that particular Discovery Materials should be produced; or (e) prejudice in any way the rights of a designating party or person to apply to the Court for a protective order. No party to the Action is obliged to challenge the protected status of any Discovery Materials at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Discovery Materials, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the "Confidential" designation from the disputed Discovery Materials. The non-designating party shall give no less

than two (2) business days' written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Discovery Materials that counsel contends are not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Discovery Materials are properly designated as Confidential and are entitled to such protection. Any document, testimony or other Discovery Materials as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved. Any Party may request an in camera review of the information that is the subject of a dispute regarding a confidentiality designation.

12. <u>Filing of Confidential Discovery Materials Under Seal</u>. In the event any Discovery Materials designated Confidential are included in, attached to, referred to, or are an exhibit to any brief, memorandum, affidavit, document or transcript which is filed with either the Court or the Clerk during the course of the Action, the party using such Discovery Materials shall seek permission from the Court to file the same under seal in accordance with Rule I(D)(3) of this Court's Individual Rules and Procedures.

13. <u>Use of Confidential Material In Court.</u> Any Confidential or Attorneys' Eyes Only Discovery Materials that is designated by any party may be offered into evidence in open court at trial unless the producing party obtains an appropriate protective order from the Court. Use of any Confidential Discovery Materials in any court proceeding shall not waive the applicability of this Agreement as to such material. Parties using Confidential Discovery Materials in open court shall use reasonable efforts to minimize disclosure to persons not authorized to see such material pursuant to paragraphs 7 and 8 above, including by complying with paragraph 12 above.

14. <u>Receipt of Subpoena</u>:  If any party in possession of Discovery Materials designated "Confidential" under this Agreement receives a subpoena seeking production or other disclosure of such Confidential Discovery Materials, that party shall give timely written notice to counsel for the party or person who designated the Discovery Materials "Confidential," to the extent permissible by law, and shall enclose a copy of the subpoena.  Where reasonable, at least ten (10) business days' notice before production or other disclosure should be given.

15. <u>Return of Discovery Materials</u>.  All Discovery Material produced or disclosed in this litigation shall remain the property of the party who produced the Discovery Material irrespective of how and in what form produced.  Upon final resolution of this litigation and any appeals, all Discovery Materials (including all copies, excerpts and summaries thereof) shall, at the election of the party who produced such materials, be either returned or destroyed, except that counsel for the Parties may retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material,

16. <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York as to all matters, including, but not limited to, matters of validity, construction, effect and performance, without regard to conflict of law principles.

17. <u>Jurisdiction and Venue</u>.  The Parties agree to be subject to the personal jurisdiction of the federal courts of the State of New York with regard to the enforcement or breach of this Agreement or, in the absence of federal subject-matter jurisdiction, the state courts of the State of New York.  Venue of any proceedings in connection with the enforcement or breach of this Agreement shall be in New York, New York.  The Parties agree not to contest jurisdiction or venue if an action is brought in any federal court in New York, New York.

18. <u>No Oral Modification.</u>  This Agreement may not be modified, except by written agreement, executed by counsel for the Parties.

19. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

20. <u>Negotiated Agreement</u>.  The Parties acknowledge that this Agreement has been negotiated and that none of the terms or provisions shall be construed against any party on the basis that such party or counsel for such party drafted this Agreement.

21. <u>Counterparts</u>.  This Agreement may be executed in counterparts.  Each counterpart when executed shall be deemed an original, and all shall constitute the same instrument.

22. <u>Terms Survive</u>.  The terms of this Agreement shall survive the termination of the Action.

23. <u>Headings</u>.  The headings in this Agreement are for convenience only and shall not define or limit any of the terms of provisions hereof.

24. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

*[Signatures follow on next page]*

So Ordered.

Dated: July 27, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

8

Dated: July 27, 2022

By: */s/ Michael D. Braun*

Michael D. Braun
KUZYK LAW, LLP
1999 Avenue of the Stars, Ste. 1100
Los Angeles, California 90067
Tel: (213) 401-4100
mdb@kuzykclassactions.com

Maia Kats
JUST FOOD LAW PLLC
6109 32nd Place, NW
Washington, DC 20015
Tel: (202) 669-0658
maiakats@justfoodlaw.com

*Counsel for Plaintiffs*

By: */s/ Adam R. Mandelsberg*

Adam R. Mandelsberg
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
Tel: 212.262.6900
Fax: 212.977.1649
AMandelsberg@perkinscoie.com

David T. Biderman, pro hac vice
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Tel: 415.344.7000
Fax: 415.344.7050
DBiderman@perkinscoie.com

Carrie Akinaka, pro hac vice
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Tel: 310.788.9900
Fax: 310.788.3399
CAkinaka@perkinscoie.com

*Counsel for Defendant Target Corporation*

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
JOSE RODRIGUEZ and SHERRI MORRIS,      :
individually and on behalf of all others similarly
situated,                              :
                Plaintiffs,     :  Case No. 1:22-cv-02982-LGS

                             Hon. Lorna G. Schofield
        -v.-                          :

TARGET CORPORATION,                    :

                Defendant.
------------------------------------- X

**CERTIFICATION REGARDING CONFIDENTIALITY**

By signing this document, I hereby certify that I have read the Stipulated Confidentiality Agreement (the "Agreement") agreed to in the above-captioned proceedings on _____ and hereby agree to abide by its terms and conditions. I also understand that any violation of the Agreement by me or anyone acting under my direction may subject me to penalties, including contempt of court.

                                                   _____
                                                   SIGNATURE

                                                   _____
                                                   NAME (PRINTED)

                                                   _____
                                                   AFFILIATION/COMPANY

_____

DATE

157690687.1