JUSTFOODLAW           5335 Wisconsin Ave, NW, #440    +1.202.243.7910
                                         Washington, DC 20015          JustFoodLaw.com

November 4, 2022

*Via ECF*
The Honorable Lorna G. Schofield
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

       Re: *Rodriguez et. al v. Target et. al*, Case No. 1:22-CV-02982-LGS – Letter Motion for a Conference on Discovery

Dear Judge Schofield:

       Pursuant to section III.A.1 of the Court's Local Rules and Procedures, Plaintiffs write to outline discovery issues that the parties themselves have been unable to resolve, and to which they appear to have good faith differences. Plaintiffs hope that a conference, as sought by this letter motion, might clarify the Court's views and alleviate unnecessary briefing and attendant burdens. The parties have met and conferred twice on the issues, and exchanged letters and emails on topic, the latter of which are attached as exhibits here.

       **Issue One:**

       Whether Defendants have a duty to search for and produce readily accessible documents that are electronically stored independent of a key word search? Defendants have rejected the notion that any such obligation exists.

       Citing the express language of the Court's ESI Order and Protocol, Plaintiffs contend that Defendants do have such obligation. Specifically, section V.E provides:

> ESI Search Methodology: The Parties will discuss and attempt to reach an agreement on search methodologies. **Agreement on a search methodology does not relieve a Party of its obligations under the Federal Rules of Civil Procedure to conduct a reasonable search, confer with relevant witnesses and custodians, and produce all relevant and responsive documents of which it is aware, <u>regardless of whether such documents are also located through the agreed-upon search methodology,</u> and without waiting for an agreement on or implementation of such search methodology.**

Dkt. No. 31 (emphasis provided). Independent of the Order and the parties agreed upon protocol, Plaintiffs also cited to caselaw affirming the obligation. *See, e.g.*, Albert v. Lab Corp of Am., 536 F. Supp. 3d 798 (W.D. Wa. 2020) ("When the case involves electronically stored information

The Hon. Lorna G. Schofield
November 4, 2022
Page 2 of 3

that is not reasonably accessible –such that data cannot be searched manually –parties may use a variety of tools to conduct electronic searches including those identified in a court's electronically stored information (ESI) agreement, but this tool does not supplant the requirement of civil rule of procedure governing request for production that an initial, reasonable search for responsive documents be conducted in the first place. Fed. R. Civ. P. 34."); *Raine Group LLC v. Raine Capital LLC*, 2022 WL 538336 (SDNY Feb. 22, 2022)("In sum, an ESI protocol and search terms work in tandem with the parties' obligations under the Federal Rules and do not replace a party's independent obligation to produce electronic (or paper) documents that are reasonably accessible, relevant, and responsive within the meaning of Rule 34.").

There are many categories of documents that should readily be accessed, and in the experience of Plaintiffs' counsel are typically produced independent of key word searches, including draft labels and documents relating to the iterative labeling process, and documents relating to any survey or like undertakings by Defendants concerning consumer perceptions. As plaintiffs wrote to Defendants,

> we have requested numerous times that Defendants conduct reasonable inquiries and searches as to where various categories of documents are maintained and thereafter, deduce whether they are reasonably accessible. These categories include documents pertaining to the "creative" and iterative process of developing a final label (and labeling claims) for the Products, and comments and input provided and received during that evolution. We have received these in our past litigations, they are typically accessible, and yet **no effor**t or examination has been undertaken to identify such documents or files or custodians here and, as clarified during our meet and confers, there is no intent or willingness to do so. For this and other categories of documents, we are at an impasse because key word searches are like a flashlight in the dark where one hopes under challenging circumstances to locate a lost object while bumping into a multitude of other things. We will locate some documents of relevance thus, but it doesn't replace the higher utility of reasonably seeking and producing documents maintained in accessible files – regardless that they are maintained on a computer or server instead of in an old-fashioned filing cabinet.

*See* Oct. 25, 2022 Letter from Kats to Mandelsberg (emphasis added), attached as Exh. 1. In addition, without any relevant production, it is quite possible that any key word search terms proffered by Plaintiffs may miss out on the actual terminology employed by Defendants in these document categories – which anyway may or may not reside on a main server encompassed by the search.

### Issue Two:

Issue Two is actually a constellation of concerns relating to any key word searches. Plaintiffs' view is that until they are resolved, any search effort results cannot be sufficiently credited or final. The constellation includes such questions as: who is an

The Hon. Lorna G. Schofield
November 4, 2022
Page 3 of 3

appropriate custodian (Plaintiffs have long sought and are awaiting organizational charts, and noted some material omissions from Defendants' proposed custodian list); what is the scope of the intended search – that is, what universe of documents precisely is encompassed and does it include, say, remote computers and cell phones used to conduct business, examination of which have become especially important if not essential during the pandemic (given the lack of any written document retention policies); and agreement on what key terms should be used (which is informed typically by the initial productions referenced above).

There are of course smaller issues of contention, but these are the major matters as to which the Court's attention and a pre-motion conference would, Plaintiffs believe, be of substantial assistance in resetting the parties on a productive course. And finally, given that extremely little discovery has been produced by Defendants to date, and that Defendants have requested again today another extension on their production, Plaintiffs think that it would be beneficial to discuss with the Court a new and viable discovery cut off deadline.

Respectfully,

/s/

Maia Kats

CC: Counsel via ECF
Exhibit 1 (Oct. 25 Kats Letter)
Exhibit 2 (Oct. 28 Mandelsberg Letter)
Exhibit 3 (Nov. 4 emails between the parties)

In general, Plaintiffs are correct that Defendant has an obligation to produce responsive, non-privileged documents located after a reasonable and diligent search, and that no set of key words necessarily defines the boundaries of a reasonable and diligent search.  Some such documents may be readily located without the use of key word searches and must be produced independent of key word searches.  However, such searches may be the only practicable way to locate responsive documents in some very large databases without imposing an undue burden.  Given Defendant's superior knowledge of where and with whom responsive documents reside within its system and organization and what key words are likely to identify those documents, the parties shall cooperate to agree on an appropriate list of custodians, locations to be searched and search terms.  Those parameters may be informed by initial productions made in an iterative process without placing undue burdens on Defendants.

In light of those general principles, the parties are directed to meet and confer further in order to narrow their disputes and to file, by **November 18, 2022**, a joint letter with each side's portion not to exceed three pages setting forth their respective positions and any supporting authority.

So Ordered.

Dated: November 7, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE