UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE RODRIGUEZ and SHERRI MORRIS on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br>v.<br><br>TARGET CORPORATION and LANG PHARMA NUTRITION INC.<br><br>                      Defendants. | CASE NO.: 1:22-CV-02982-LGS<br><br>Hon. Lorna G. Schofield<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION |

Plaintiffs' motion for reconsideration is DENIED. "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal quotation marks omitted).

Plaintiffs have not pointed to any allegations or authority that was overlooked in deciding Defendants' motion to dismiss. Defendants' motion already was denied in part because Plaintiffs have sufficiently alleged that Defendants' labeling claims may mislead a reasonable consumer about whether their products contain what Plaintiffs call "fresh," "pure" or "natural" fish oil. In support of its surviving claims, Plaintiffs may argue that any statements on Defendants' labels beyond the words "fish oil" contribute to misleading consumers in that way. But for clarity and in order to narrow the issues in dispute, Plaintiffs have not sufficiently alleged that Defendants' labels may mislead consumers about how and where the fish in question are caught -- "wild" in "Alaska." The cases Plaintiffs cite are distinguishable because the labels in those cases emphasized the presence of desirable ingredients that allegedly made up only a small part of the products, e.g. "real fruit" or "whole grain." Here, Plaintiffs have not alleged that Defendants' products come in any part from fish that are caught other than in the manner described on the label.

Dated: January 18, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

PLEASE TAKE NOTICE that Plaintiffs Jose Rodriguez and Sherri Morris hereby move for reconsideration, under Local Civil Rule 6.3 and Rule 59 of the Federal Rules of Civil Procedure, of this Court's Opinion & Order granting in part and dismissing in part their Second Amended Complaint against Defendants Target Corporation and Lang Pharma Nutrition, Inc. Dkt. No. 55. This Motion is accompanied by a Memorandum setting forth the matters which Plaintiffs' counsel believes the Court has overlooked.

DATED: January 13, 2023                    Respectfully submitted,

                                           _____
                                           Michael D. Braun
                                           **KUZYK LAW, LLP**
                                           1999 Avenue of the Stars, Ste. 1100
                                           Los Angeles, California 90067
                                           Telephone: (213) 401-4100
                                           Email: mdb@kuzykclassactions.com

                                           **JUST FOOD LAW PLLC**
                                           Maia Kats
                                           5335 Wisconsin Ave, NW, Suite 440
                                           Washington, DC 20015
                                           Telephone: (202) 243-7910
                                           Email: maiakats@justfoodlaw.com

                                           Counsel for Plaintiffs